GUARDIAN DETROIT BANK v. PECKHAM.

1. MORTGAGES—TIME NOT OF ESSENCE OF CONTRACT.

Bare naming of time when payment of note and mortgage is to be made, on penalty of $1,000 being added to amount if not so paid, does not necessarily make time of essence of contract in court of equity.

2. SAME—FORECLOSURE—PENALTY—EQUITY.

> Real estate mortgage for $2,500 accompanied by agreement show-
> ing that actual indebtedness was only $1,500, and that it would
> be discharged on payment of that sum if paid within 60 days
> is unenforceable in court of equity after expiration of specified
> time, since $1,000 added was in nature of penalty; and, time
> not being of essence of contract, mortgagors are entitled to
> discharge of mortgage on tender of amount actually due.

Appeal from Wayne; Jayne (Ira W.), J.   Sub-
mitted October 25, 1932.   (Docket No. 212, Cal-
endar No. 36,852.)   Decided December 6, 1932.

Bill by Guardian Detroit Bank against Ralph P.
Peckham and others to foreclose a real estate mort-
gage.   Cross-bill by defendants Peckham to compel
acceptance of amount tendered, to cancel note, and
discharge mortgage.   Decree for plaintiff.   Defend-
ants appeal.   Reversed, and decree entered for
cross-plaintiffs.

*Anderson, Wilcox, Lacy & Lawson* (*Eugene D.
Kirkby*, of counsel), for plaintiff.

*Younglove & Chockley*, for defendants Peckham.

McDONALD, J.   This is a suit for the chancery
foreclosure of a real estate mortgage which on its
face appears to have been given to secure an in-
debtedness of $2,500.

The defendants filed an answer and cross-bill in
which they admit the execution of the note and
mortgage, but assert that the actual indebtedness
which the mortgage was given to secure was $1,500;
that they are ready and willing to pay that amount
and have tendered it with accrued interest to the
plaintiff.   For affirmative relief they ask that plain-
tiff be required to accept the amount tendered, and
cancel and deliver to them the note and mortgage.

When the note and mortgage were executed they were placed in escrow with the plaintiff's attorney in accordance with the following agreement:

"May 8, 1931.
"MRS. ADA PECKHAM,
    "Detroit, Michigan.

"Dear Madam:
"The undersigned, as attorney for the Guardian Detroit Bank, acknowledges receipt of a note and mortgage of even date executed by yourself and husband in the sum of $2,500 covering property located at No. 4972 Ivanhoe avenue, which is left with the undersigned in escrow to be held for a period of 60 days, subject to its purchase by you, or any party designated by you, during that period for the sum of $1,500. If same is not purchased within 60 days, it is understood that it will be delivered by the undersigned to the Guardian Detroit Bank.

"Upon the payment of $1,500 as above provided for, we will also deliver to you canceled, a note of R. P. Peckham in the sum of approximately $8,790.85 due April 4, 1931.

"It is the intention of this arrangement to secure the agreement made this date whereby Mrs. Ada Peckham is to purchase the note for approximately $8,790.85 for the sum of $2,000, cash, $500 paid this day, and $1,500 to be paid within 60 days as above mentioned. All of the collateral now being held with the aforesaid note, is to be retained by the Guardian Detroit Bank as partial payment for said note. * * *
                (Signed)   "NOBLE T. LAWSON."

The $1,500 was not paid within the 60 days, and Mr. Lawson delivered the note and mortgage to the plaintiff bank. Six days thereafter the defendants tendered $1,500 to the bank. The tender was refused. The bank insisted on the payment of $2,500

according to the face of the note, and thereafter began this suit for foreclosure.

On the hearing the trial court held that the escrow agreement constituted a 60-day option to the defendants to purchase the $2,500 note and mortgage for $1,500; that, not having exercised the option in the time specified, the defendants are liable for the full amount appearing on the face of the note. From the decree entered, the defendants have appealed.

This controversy arose out of dealings between the plaintiff bank and Ralph P. Peckham. The bank held a note of $8,790.85 against Peckham secured by certain collateral. Mr. Peckham went into bankruptcy. The bank did not participate in the bankruptcy proceedings, but sought to interest Mrs. Peckham, who, with her husband, held title to the real estate in question by the entireties. The negotiations with Mrs. Peckham resulted in an agreement by which she was to purchase her husband's note for $2,000 in addition to the collateral which the bank was to retain. Mrs. Peckham agreed to pay $500 in cash and the balance of $1,500 in 60 days secured by a mortgage on the joint property. The reason for making the note and mortgage for $2,500, when the actual indebtedness was only $1,500, was to insure the prompt payment of the $1,500 in the time specified. If it were not paid in 60 days, it was understood that the mortgagee would be entitled to the amount appearing on the face of the note, which was $1,000 more than the actual indebtedness. In other words, the Peckhams agreed to a penalty of $1,000 if they did not pay the $1,500 in 60 days. It is true that, standing alone, the first two paragraphs of the escrow agreement constitute an option to purchase for $1,500 the $2,500 note and

mortgage if the option were exercised within 60 days. But the testimony shows that Mrs. Peckham refused to consent to that, and, on the insistence of her attorney, the third paragraph was added. This paragraph explains the preceding paragraphs and states the real agreement. It clearly shows that it was not intended she should purchase the note within 60 days, but that she should pay it during that time. If the actual debt were $2,500, as represented by the note and mortgage, there might be reason in holding that there was an option to purchase them in 60 days at a discount of $1,000. But the third paragraph of the escrow agreement states that the actual debt was $1,500; that it was to be paid in 60 days; and if not paid during that time $1,000 was to be added thereto. To secure this arrangement the note and mortgage were made to include the $1,000 penalty.

In view of these undisputed facts, we cannot agree with the trial court that the escrow agreement constituted a 60-day option to purchase the $2,500 note and mortgage for $1,500. In this case it would be inequitable to enforce the penalty. Time was not made of the essence of the contract. The bare naming of time for performance or when payments are to be made does not necessarily make time of the essence of the contract in a court of chancery. *Waller* v. *Lieberman,* 214 Mich. 428.

The decree of the circuit court is reversed, and one will be entered in this court dismissing the plaintiff's bill and granting the relief prayed for by defendants in their cross-bill. Defendants will have costs of both courts.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.