CITY OF DETROIT v MISTELE COMPANY

Docket No. 73696. Submitted January 16, 1985, at Detroit.—Decided April 17, 1985.

> The City of Detroit condemned certain property belonging to Mistele Company for use as part of an industrial park project and the matter proceeded to trial in Wayne Circuit Court for a determination of the just compensation owed for the condemnation of the land. The jury awarded Mistele $5.2 million. In an attempt to settle other claims it had against the city, Mistele and the city entered into a stipulation and settlement agreement which stated that the city would pay Mistele an additional $4,200,000 within 30 days of March 15, 1983, and that, if payment wasn't made when due, interest would be calculated and added from March 15, 1983, through the date of payment. The settlement agreement was entered as a final order of the Wayne Circuit Court. The city tendered payment of $4,198,783.24 one day late on April 15, 1983, claiming that it deducted $1,216.76 because Mistele was liable for delinquent taxes. Mistele brought a motion to enforce the stipulation agreement claiming that the city improperly deducted the alleged deficiency for delinquent taxes and that it was entitled to approximately $57,000 in interest since the city had not made the payment within the 30-day period as agreed. The city countered by arguing that the interest should be only $1,841, enough to cover the one day that it was late, rather than the approximately $57,000 amount calculated from March 15, 1983. The court, David C. Vokes, J., determined that the city improperly deducted the alleged delinquent taxes and that the interest provision in the stipulation agreement was a penalty provision and therefore only one day's interest accrued. Mistele appealed. *Held:*
>
> The interest provision in the stipulation is not a penalty to the city, but in fact substantially limits the city's liability for interest. The trial court erred in awarding Mistele $1,814 in

REFERENCES FOR POINTS IN HEADNOTE

[1] Am Jur 2d, Interest and Usury §§ 339 *et seq.*

See the annotations in ALR3d/4th Quick Index under Interest on Money.

interest. The case is reversed and remanded for entry of an order awarding Mistele interest for 31 days as provided in the stipulation agreement.

Reversed and remanded.

INTEREST — STIPULATIONS.

A settlement agreement in which it was agreed that one party would pay the other a sum certain within 30 days of the date of the agreement and, if not paid within that time, interest would be calculated and added as of the date of the agreement should be enforced according to its terms where the tender of payment was made one day late; the interest owing then is for a period commencing on the date of the agreement and extending to the date of payment and should not be considered penalty interest.

*Honigman, Miller, Schwartz & Cohn* (by *William G. Christopher* and *Norman C. Ankers*), for plaintiff.

*Cahalan & Ackerman* (by *William L. Cahalan* and *Alan T. Ackerman*), for defendant.

Before: T. M. BURNS, P.J., and V. J. BRENNAN and W. A. PORTER,* JJ.

PER CURIAM. Defendant Mistele Company operated a business on property condemned by the city as part of the Central Industrial Park Project. This case proceeded to trial for a determination of the just compensation which the city owed the defendant for the condemnation of the land. The jury returned a verdict in favor of Mistele Company in the amount of $5.2 million. Mistele also had other claims against the city. In an attempt to settle all these disputes, the city and Mistele entered into negotiations, which lasted at least three months. The result of these negotiations was a stipulation and settlement agreement which stated in part:

* Circuit judge, sitting on the Court of Appeals by assignment.

"Within thirty (30) days of March 15, 1983, the City shall turn over to the attorney for Mistele the amount of Four Million Two Hundred Thousand ($4,200,000.00) Dollars. This payment shall be in addition to the sums already paid to Mistele by the City in the condemnation proceeding. If payment is not made within thirty (30) days of March 15, 1983, interest shall be calculated upon and added to said sum at the statutory rate from March 15, 1983, through the date of payment."

The city tendered payment of $4,198,783.24 exactly one day late on April 15, 1983. The city deducted $1,216.76 from the amount stated in the stipulation because it claimed that Mistele was liable for delinquent taxes. Mistele then brought a motion to enforce the stipulation agreement claiming that the city improperly deducted the alleged deficiency for delinquent taxes and that it should receive interest calculated upon and added to the total amount due at the statutory rate from March 15, 1983, since the city was late in paying it. This amount was approximately $57,000. The city however claimed that it was only liable for one day's interest since it was only one day late in payment. This amount would only be $1,841. The trial court determined that the city improperly deducted the alleged delinquent taxes from the $4,200,000 payment. The court also found that the city was late in payment, but that the interest provision in the stipulation agreement was a penalty provision and, therefore, the trial court only granted one day's interest. Mistele appeals as of right, claiming that the lower court erred in not enforcing the stipulation agreement.

On appeal, the city claims that *Guardian Detroit Bank v Peckham,* 261 Mich 52; 245 NW 567 (1932), is directly on point. In that case, the plaintiff bank loaned $1,500 to the defendants for a period of 60 days. The parties agreed, however, that if the

$1,500 was not paid within 60 days, the defendants would pay an additional $1,000 to the plaintiffs. The defendants were six days late in paying the $1,500 and the bank refused their tender and sued for $2,500. The Supreme Court found that it would be inequitable to enforce the $1,000 penalty for late payment. The instant case, however, is distinguishable. Mistele Company did not loan the city $4,200,000 for a period of 30 days. The city's liability to Mistele arose out of the condemnation of Mistele's land, which occurred long before the stipulation agreement was entered. This case, therefore, does not involve a normal debt situation. *Flanders v Chamberlain,* 24 Mich 305, 315 (1872), is therefore applicable. At the time the parties entered into the stipulation agreement, Mistele had a judgment against the city in the amount of $5,200,000 and could have demanded interest on that judgment. MCL 213.65; MSA 8.265(15). As in *Flanders,* the city and Mistele were not obligated to enter into the stipulation agreement and were free to negotiate over its terms. The city and Mistele in fact negotiated for at least three months over the terms of this stipulation agreement. Considering the fact that the city could have been liable for almost two years' interest on a larger amount, we are unable to say that 31 days' interest on the amount stipulated to is a penalty. The trial court erred in failing to consider the circumstances surrounding the stipulation agreement. When these circumstances are considered it becomes clear that the interest provision in the stipulation is not a penalty to the city but in fact substantially limits the city's liability for interest. The lower court, therefore, incorrectly awarded Mistele $1,814 in interest. We therefore reverse and remand this case. On remand, the

lower court shall award Mistele interest for 31 days as provided for in the stipulation agreement.

Reversed and remanded.